# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re HMR FOODS HOLDING, LP, *et al.*, | ) | Chapter 7 |
| Debtors. | ) ) ) | Case No. 16-11540 |
| GONZALO CRUZ on behalf of himself and all other persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HMR FOODS HOLDING, LP and ARLON GROUP, LLC, | ) ) ) ) | Adv. Pro. No. 16-51021-KJC |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT ARLON GROUP, LLC'S MOTION TO STAY DISCOVERY

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Curtis S. Miller (DE Bar No. 4583)
1201 Market Street, 18th Floor
Wilmington, DE 19899
Telephone: (302) 351-9412
Facsimile: (302) 425-3080

KIRKLAND & ELLIS LLP
James P. Gillespie, P.C. (*pro hac vice*)
Jason R. Parish (*pro hac vice*)
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Dated: October 24, 2016

# TABLE OF CONTENTS

**Pages**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

LEGAL STANDARD ............................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I. A STAY WILL SIMPLIFY THE ISSUES AND TRIAL OF THE CASE. ...................... 3

II. THE COURT CAN EFFECTIVELY MANAGE THE CASE SCHEDULE BECAUSE DISCOVERY HAS NOT BEGUN AND NO TRIAL DATE HAS BEEN SET. ............................................................................................................... 4

III. A STAY DOES NOT UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO PLAINTIFF. ............................................................. 5

IV. THE USE OF DISCOVERY TO RE-PLEAD A COMPLAINT IS INAPPROPRIATE. ................................................................................................. 6

CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

                                                                                                                **Page(s)**

**Cases**

*Actelion Pharm. Ltd. v. Apotex Inc.*,
   2013 WL 5524078 (D.N.J. Sept. 6, 2013) .................................................................3, 4, 5

*Ashcroft* v. *Iqbal*,
   129 S.Ct. 1937 (2009) ..................................................................................................2, 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 6

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ....................................................................................2, 6

*Cooper Notification, Inc. v. Twitter, Inc.*,
   2010 WL 5149351 (D. Del. Dec. 13, 2010) .................................................................... 2

*In re Fine Paper Antitrust Litig.*,
   685 F.2d 810 (3d Cir. 1982) ............................................................................................ 1

*Flores v. Pennsylvania Dep't of Corr.*,
   2013 WL 2250214 (M.D. Pa. May 22, 2013) ................................................................. 2

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   2015 WL 1737476 (D. Del. Apr. 9, 2015) .................................................................2, 3, 5

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) ..................................................................................2, 3

*Rivera v. Heyman*,
   1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) ..................................................................... 4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ........................................................................................2, 6

*Weisman v. Mediq, Inc.*,
   1995 WL 273678 (E.D. Pa. May 3, 1995) ...................................................................... 3

**Rules**

Local Rule 7016-1 ................................................................................................................. 1

**Other Authorities**

Scott Dodson, *Federal Pleading and State Presuit Discovery*, 14 Lewis & Clark
    L. Rev. 43, 55 (2010)................................................................................................ 6

# INTRODUCTION AND SUMMARY OF ARGUMENT

1. Plaintiff brings suit under the Federal and California WARN Acts against HMR Foods Holdings, LP ("HMR") and Arlon Group, LLC ("Arlon"). On September 16, 2016, Arlon filed a Motion to Dismiss that, if granted, will result in dismissal of Plaintiff's claims against Arlon. By this Motion, Arlon requests that the Court exercise its discretion to stay discovery pending a decision on Arlon's Motion to Dismiss.[1]

# NATURE AND STAGE OF PROCEEDINGS

2. On June 29, 2016, Plaintiff Gonzalo Cruz filed this adversary proceeding asserting claims under the Federal and California WARN Acts. On September 16, 2016, Arlon filed a Motion to Dismiss the Class Action Adversary Proceeding Complaint (ECF No. 13) and Memorandum in Support (ECF No. 14) (the "Motion to Dismiss"). Arlon's Motion to Dismiss is now fully briefed and ready for the Court's consideration.

3. On October 26, 2016, the parties will appear before the Court for a scheduling conference. Pursuant to Local Rule 7016-1, on October 20, 2016, counsel for the parties conferred regarding a proposed scheduling order. At that conference, counsel for Arlon requested that Plaintiff consent to a stay of discovery pending a decision on Arlon's Motion to Dismiss. Counsel for Plaintiff declined to consent to a stay of discovery and stated that Plaintiff would proceed to serve discovery requests on Arlon.

# LEGAL STANDARD

4. "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982). "In certain circumstances it may be appropriate to stay discovery while evaluating a

---

[1] Counsel for Arlon understands that the Trustee will be filing a joinder in support of this Motion.

motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Ashcroft* v. *Iqbal*, 129 S.Ct. 1937,1954 (2009)). A stay is proper where, as here, "the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay." *See Flores v. Pennsylvania Dep't of Corr.*, 2013 WL 2250214, at *1 (M.D. Pa. May 22, 2013). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[A] motion to dismiss based on failure to state a claim for relief [] should ... be resolved before discovery begins."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming decision to dismiss claims without allowing discovery because "The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery") (citation omitted).

5. Courts in this District deciding a motion to stay proceedings consider "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) (citations omitted). "[T]he overall balance could be tipped in favor of a stay even if proceeding with the litigation will cause no undue hardship or prejudice to the party seeking a stay." *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010).

**ARGUMENT**

6. There is good cause for a stay of discovery in this adversary proceeding. Arlon has filed a well-founded Motion to Dismiss that, if granted, will result in dismissal of all claims

against Arlon. Dismissal of Plaintiff's claims against Arlon also would narrow the issues remaining in the case, significantly reducing the scope of discovery Plaintiff pursues against HMR as well. As set out in Arlon's Motion to Dismiss, Plaintiff has failed to state a claim that Arlon and HMR were a "single employer" for purposes of the Federal and California WARN Acts. At this early stage, neither Arlon nor the Trustee should be required to expend time and resources engaging in discovery concerning their alleged relationship, given that Plaintiff has failed to allege facts concerning that relationship. Because all factors governing a motion to stay weigh in favor of a stay and Arlon's "motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development," *Mann*, 375 F. App'x at 239 (citation omitted), the Court should exercise its discretion and grant a stay.

## I. A STAY WILL SIMPLIFY THE ISSUES AND TRIAL OF THE CASE.

7. That a dispositive motion would completely dispose of a case weighs in favor of staying proceedings pending a decision on the motion. *Kaavo*, 2015 WL 1737476, at *1 ("The fact that the motion, if resolved a certain way, could be entirely case-dispositive as to all asserted claims … (and thus, of the entire suit against all Defendants seeking a stay), is certainly a fact inuring to Defendants' benefit here.") (footnote call number and citation omitted). "Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (citations omitted). A court need only find that the underlying motion to dismiss is not "without basis, frivolous, or filed solely for a dilatory purpose" in order to find this factor weighs in favor of a stay. *Actelion Pharm. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013). In other words, the Court should consider

3

whether the motion to dismiss does "not appear to be without foundation in law … in assessing whether a stay would simplify the issues and the trial of the case." *Id.* at *3 (alterations, citations, and internal quotation marks omitted). *See also Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").

8. Here, the pending Motion to Dismiss would result in dismissal of all claims against Arlon. (*See generally* Mot. to Dismiss.) And it is indisputable that the Motion to Dismiss has a substantial basis, is not frivolous, and was not filed for dilatory purposes. The Motion to Dismiss cites numerous instances in which courts dismissed strikingly similar complaints under both the Federal and California WARN Act. (*See generally id.*) A "favorable resolution of … [the] dispositive motion would end this litigation," and thus "this factor, on balance, favors entry of a stay." *Actelion*, 2013 WL 5524078, at *6 (citation omitted). As the Motion to Dismiss identifies numerous pleading deficiencies and is meritorious on its face, this factor weighs in favor of granting a stay.

## II. THE COURT CAN EFFECTIVELY MANAGE THE CASE SCHEDULE BECAUSE DISCOVERY HAS NOT BEGUN AND NO TRIAL DATE HAS BEEN SET.

9. The second factor also weighs in favor of a discovery stay. Courts consider the stage of the proceedings and whether the discovery motion was filed close to the filing of the complaint. For instance, in *Actelion Pharmaceuticals*, the Court noted the motion to stay discovery was filed approximately four months after filing of the complaint; the case was in its "initial stages" and "no trial date has been set." *Id.* "Such temporal proximity supports the

issuance of a stay because no party has engaged in significant production or protracted motion practice." *Id.*

10. Likewise, there is no dispute the case against Arlon is in its early stages. This Motion is being filed before discovery has commenced and before any other pretrial or trial deadlines have been established. A stay would not disrupt any preexisting schedule (indeed, Arlon is seeking a stay to avoid such disruption) and would allow the parties to conserve their resources while the Court evaluates Arlon's Motion to Dismiss. As in *Kaavo*, "With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay." 2015 WL 1737476, at *3.

### III. A STAY DOES NOT UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO PLAINTIFF.

11. A court should consider the costs and burdens associated with discovery when weighing the prejudice factor. Courts recognize that the "potential cost of discovery establishes a specific and substantiated risk of harm" to the party seeking a stay. *Actelion*, 2013 WL 5524078, at *4. Mere delay in proceeding with discovery is insufficient to find a stay is unwarranted. *See Id.* ("At present, the Court finds that the delay in resolving the Plaintiffs' dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay."). "While demonstrating that it would face undue hardship or prejudice in the absence of a stay can be beneficial to the moving party in the stay calculus, the moving party is not required to put forward such evidence in order have its motion granted." *Kaavo*, 2015 WL 1737476, at *4 n.10 (citation omitted).

12. In the present case, there is no risk of undue prejudice, or clear tactical disadvantage, to Plaintiff. The determination of this case on the merits turns on evidence concerning the alleged relationship between Arlon and HMR. If the Court denies Arlon's

5

Motion to Dismiss, this evidence will be will be just as readily available following a stay. On the other hand, if the Court grants Arlon's Motion to Dismiss but allows Plaintiff to proceed with the full range of discovery (written discovery, document productions, depositions), both Arlon and the Trustee will be required to expend significant time and resources, all for naught. Given the nature of the case and the fact the pending Motion to Dismiss can be decided based solely on the face of the pleadings, this factor weighs in favor of granting a stay.

## IV. THE USE OF DISCOVERY TO RE-PLEAD A COMPLAINT IS INAPPROPRIATE.

13. At the parties' conference on October 20, 2016, counsel for Plaintiff indicated that Plaintiff intended to move forward with discovery in order to adduce evidence that Plaintiff could use, if necessary, to replead his claims against Arlon consistent with the requirements of *Twombly* and *Iqbal*. This, of course, is improper.

14. A plaintiff is required to properly plead a case in order to receive discovery—not plead a case insufficiently and then take discovery to fill in gaps. *See Chudasama*, 123 F.3d at 1367 ("A motion to dismiss based on failure to state a claim for relief should ... be resolved before discovery begins."); *Rutman*, 829 F.2d at 738 ("The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery") (citation omitted). As set out in Arlon's Motion to Dismiss, Plaintiff has failed to plead facts in support of his claim for single employer liability. Plaintiff may not now take discovery in order to set out his claim consistent with the requirements of *Iqbal* and *Twombly*.[2]

---

[2] Indeed, the Supreme Court has suggested in dicta that a plaintiff may not proceed to discovery before pleading a plausible claim for relief. *See Iqbal*, 129 S.Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery…."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 n.8 (2007) (referring to an "understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct"); *see also* Scott Dodson, *Federal Pleading and State Presuit Discovery*, 14 Lewis & Clark L. Rev. 43, 55 (2010) ("The import of *Twombly* and *Iqbal* is that only a complaint that can survive a motion to dismiss entitles a plaintiff to discovery from the defendant or third parties.").

6

Allowing discovery based on the possibility that a deficient complaint could be cured with hypothetical facts from discovery puts the cart before the horse. It would incentivize plaintiffs to file conclusory, meritless complaints, and the Court should reject any such rationale as grounds for denying a stay and permitting discovery.

## CONCLUSION

For these reasons, the Court should stay discovery pending a decision on Arlon's Motion to Dismiss.

Dated: October 24, 2016

Respectfully submitted,

/s/ *Curtis S. Miller*

| | |
|---|---|
| James P. Gillespie, P.C. (*pro hac vice*) | Curtis S. Miller (DE Bar No. 4583) |
| Jason R. Parish (*pro hac vice*) | MORRIS, NICHOLS, ARSHT & |
| KIRKLAND & ELLIS LLP | TUNNELL, LLP |
| 655 Fifteenth Street, N.W. | 1201 North Market Street, 18th Floor |
| Washington, DC 20005 | Wilmington, DE 19899 |
| Telephone: (202) 879-5000 | Telephone: (302) 351-9412 |
| Facsimile: (202) 879-5200 | Facsimile: (302) 425-3080 |

*Counsel for Defendant Arlon Group, LLC*